FILED

2016 May-31 PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

LARRY G. COKER,
PLAINTIFF,

Vs.

STATE OF ALABAMA,et al,
ALABAMA DEPARTMENT OF CORRECTIONS,AND THE
ALABAMA BOARD OF PARDONS AND PAROLES,et al.

Case No:
    To Be Assigned

CV-16-BE-0891-NE

* Jury Trial Demanded *

CIVIL COMPLAINT
PURSUANT TO 42 USC §§ 1985 (2) and (3)
CONSPIRACY TO VIOLATE CIVIL RIGHTS

Now Comes,Larry G. Coker,Plaintiff Pro se,and files suit against the
Defendants,the State of Alabama,and it's subsidiary,the Alabama Department of
Corrections,and the Alabama Department of Corrections Board of Pardons and Paroles.

The Complaint will be predicated upon violations of the Plaintiff's CIVIL
RIGHTS that are guaranteed to him under the United States Constitutions Amendments
under the 5th and 14th Amendments,because the Defendants,herein after either "ADOC"
and or "ADOC P & P" having conspired to deny the Plaintiff Larry G. Coker,herein after
either "Plaintiff" or "Coker" Due Process of Law,Equal Protection under the Law,and
therefore have acted in a discriminatory,prejudicial and unconstitutional mannerism
contrary to the color of law to deny Coker Parole from the Alabama State Prison
system.

A CONSPIRACY to violate a persons Civil Rights of this nature,is
prosecutable and can be litigated under 42 USC § 1985 (2) and (3),which states; "It is
unlawful for anyone to; Obstruct Due Course of Justice" in the States,to deny any
citizen Equal Protection or Due Process of Law based upon a catagory that is
RACIAL,RELIGIOUS,or based upon a catagory that is applied to that Person". In this
case the Plaintiff Larry G. Coker states the following prejudices have been imposed
upon him and his consideration(s) for Parole by the Defendant(s) and or their Agents
with the Alabama Board of Pardons and Paroles as follows,to wit;

INTERESTED PARTIES TO THIS CASE

IDENTIFICATION OF PARTIES

Plaintiff: Larry G. Coker #264638
          C/O Limestone Corr. Facility  E-42-A
          28779 Nick Davis Rd.
          Harvest,Alabama   35749-7009

Defendant's: State of Alabama,et al.,
          Alabama Department of Corrections,et al.,
          Alabama Board of Pardons and Paroles,et al..
          Alabama Board of Pardons and Paroles Board Members,
          Cliff Walker,Chairman of the Board,
          Phil Bryant,Acting Executive Director,
          Bill Wynne,Associate Member,
          Robert P. Longshore,Associate Member,
          Eddie Cook,Jr.,Assistant Executive Director,
          Darrell Morgan,Assistant Executive Director,
          301 S. Ripley, Building D
          Montgomery,Alabama   36130-2405
          (334) 242-8700

          Attorney of Record for State of Alabama;
          Luther Strange,Attorney General
          501 Washington Avenue
          P.O. Box 300152
          Montgomery,Alabama   36130-0152

STATEMENT OF FACTS AND GROUNDS OF COMPLAINT

1. That on or about,10/14/2008 the Plaintiff (Coker),was convicted by the Circuit Court of St.Clair County,Alabama under case number 75-CC-2007-000285.00,on Two (2) Counts of Failure to Register as a Sex Offender,and for One (1) Count of Obscuring the Identity of a Vehicle,all of which are Class C Felonies under Alabama State Law. [ See Alabama's Michie's Code(s) at §§ 13A-11-200,and 13A-8-22 in support ]

Coker was illegally Sentenced to a term of 25 Years of imprisonment in State Prison by the Honorable Judge James Hill,on 10/14/2008. This was the result of several illicit factors being unlawfully employed by both the St.Clair County District Attorney's Offices,and Judge Hill himself,which are as follows;

A) The application of Felony Convictions against Coker that had never been actual convictions,which were used to enhance his penalties. These were cases that (2) Counties in the State of Georgia had either been Vacated by their Court of Appeals,or were never actual Convictions at all. [ See Exhibits in "A" and "A-1" in support ]

B) The application of Felony Convictions that the State of Georgia had Overturned,and Dismissed against Coker from Bartow County,Georgia back in '1976. [ See Exhibit "A" in support ]

C) The application of Felony Convictions that Coker was never Convicted of,that were merely "DEAD DOCKET CASES",but had never been resolved,and were not actual convictions from Cobb County,Georgia. This was due to the fact that Coker received a Judgement of Acquittal as to Count 5 in that case on 4/29/1981,and Count 3 in that case was set-aside by the Georgia Court of Appeals on 1/17/1983. Yet the St.Clair County,Alabama District Attorney utilized these non-convictions to enhance Coker's sentence(s) illegally. [ See Exhibit's in A-2 in support ]

D) The State of Alabama,and the District Attorney of St.Clair County,Alabama chose to enhance and habitualize Coker contrary to §§ 13A-5-9, 13A-5-10,and 13A-5-10.1. This was achieved by the District Attorney,and Judge James Hill not only ignoring legal statutes concerning habitualization procedures,but also in doing so exceeding the Statutory Maximums without jurisdiction to do so,and sentenced him to Concurrent 25 Year terms of imprisonment which was beyond their lawful authority to of imposed in accrodance with §§ 13A-5-6 (a)(3),and 13A-5-9 (a)(1). What took place was a total subjugation of the Statutory Caps put upon any violation of the State's Sex Offender Registration Law,that is governed under it's own separate statute under § 13A-11-203 of the Alabama Code,capping any violation of §13A-11-200 at 5 Years of imprisonment maximum.

Page 3

E) The District Attorney sought,and Judge James Hill did illegally impose the Habitual Sentence(s) upon Coker in excess of even the Habitual Statutory Maximum,had Coker actually been eligible for Habitual Sentencing,(which he was not),because the State did not have the proper Certification hearing or ever produce any Certified Convictions against Coker in order to warrant Habitualization.

Because Coker was sentenced to Concurent 25 year Sentences,and the Statutory limits were not adhered to,and the State Statutes not followed as the Law proscribes under §§ 13A-5-10 and 13A-5-10.1,which was in violation of Coker's Constitutional Rights to Due Process of Law,under the U.S. Constitutions 5th,6th and 14th Amendment rights.

This issue is not presently before the Circuit Court of St.Clair County,Alabama,and specifically Circuit Court Judge Billy R. Weatherinton,Jr.,at this time under a Motion to Correct Illegal Sentence that is scheduled for Hearing in that Court on or about 6/1/2016 at this time.

[ See Exhibit "B" ]


2. That Coker was set  for a Parole Hearing before the Alabama Board of APrdons and Paroles for initial review on 10/24/2012,and at that time Coker was DENIED PAROLE,and set-off for another review until February of '2015,without any reason or valid cause for the Denial provided to Coker except an inexplicable statement of "SPECIAL REVIEW".
[ See Exhibit "C" in support ]


3. Coker on 10/24/2012 was re-set for Parole review and hearing to February of '2015,(see Exhibit C ). This hearing was not conducted until 5/6/2015,whereon the PArole Board again failed to GRANT PAROLE to Coker,and refused to take into consideration and account that certain facts that were presented to them concerning Coker's criminal history were in fact,NOT FACTS,but ERRORS.

These errors were brought to the Parole Boards attention by none less than Coker's own Trial Counsel,and his Attorney of Record,Beverly O. Barber,Esquire,of Pell City,Alabama. It was at that time that Attorney Barber raised and supported the following valid and documented issue of contradiction and error to the Parole Board Members as folows on 5/6/2015;

A) The crucial fact that Coker did not have convictions for certain Sexual Offenses at the time of his Arrest or Sentencing that would of qualified him to of been required to Register as a Sex Offender in Alabama.

B) That numerous alleged Convictions from 2 separate Georgia Counties (Cobb and Bartow) were either,never actual certified convictions ( as is the case with the Cobb County cases),or convictions that had been VACATED,and or DISMISSED upon Appellate Review

of the Georgia Supreme Court,and Court of Appeals.
[ See Exhibits in "D" from Beverly O. Barber to Coker ]

C) The Board of Pardons and Paroles has totally IGNORED,and failed to ever
consider Coker's absolute Discipline Free Prison Record of more than 5 year in their
'2012 review,and for more than 8 Years in their '2015 review,and 9 Years in their last
re-review on 4/12/2016.

D) The Parole Board of Alabama has also chosen discriminate against Coker,by
ignoring the fact that since Coker has been incarcerated and imprisoned he has upon his
own determination,and efforts,without ANY SUPPORT or ASSISTANCE from anyone at the
Limestone Correctional Facilities Chaplaincy or Staff,he has sought out and completed
religious study programs and received certificates of achievement from over 14 diffrent
courses.

Coker was able to achieve this only by he himself seeking out Churches,and
Organizations on his own volition,and paying at times to take the courses to better
himself. This was an exceptional effort on Coker's part6 to rehabilitate himself
without any assistance,support or aide from any ADOC official whatsoever.
[ See Exhibits in "F" in support that Beverly O. Barber and Coker presented to the
Parole Board in '2015 and '2016 ]

E) That the Board of Pardons and Paroles failed to take into any consideration
abuses that Coker has sustained and suffered while in the alleged CARE,Custody,and
Control of the Alabama State Prison system.    It is fact that while Coker has been
incarcerated and imprisoned,he has been the victim of Medical Abuse(s),Medical
Malpractice,and Deliberate Indifference(s) that nearly cause Coker to of died in '2010.

Due solely to Medical Negligence after Coker was diagnosed in '2010 with
Prostate Cancer,and had to undergo not only pre-operative testing and Surgeries to
detect,and determine the extent of the Prostate Cancer,but when ADOC Medical contract
physicians failed to adhere to private free-world Medical Specialist prescribed ORDERS
for the administration of Prophylactic Antibiotics to be given to Coker after a invasive
procedure ( Colo-Rectal Colonoscopy and Biopsy),Coker contracted Septic-Shock
Syndrome,Sepsis,and Acute Renal failure that nearly cause Coker to die in '2010.
[ See Coker's Civil Rights Lawsuit filed in the U.S. District Court of the Northern
District of Alabama under case no: 5:12-cv-01028-SLB-TMP,in support ]

4. It will be proven and discernible as fact that the Alabama Board of Pardons and
Paroles has acted over the past 8 years in a conspiratorial mannerism to deny Coker and
many other Sex Offenders Parole without due course or cause.

When the Board of Pardons and Paroles,and it's members have had before them significant amounts of Evidence and Testimony,that substantiate factors and facts,that stringently support Granting Coker Parole they have utilized incognizant and frivolous excuses,that are without basis,merit or substance to DENY Coker parole on offenses that are non-violent in nature,and where there are NO PHYSICAL INJURIES,RESTITUTION,or PHYSICAL HARM to any Degree to anyone.

Even when Coker's Attorney of Record placed before the Board of Pardons and Paroles and it's specific memebers ( Phil Bryant,Cliff Walker,Bill Wynne,Robert P. Longshore,Darrell Morgan,and Eddie Cook,Jr.)valid,verifiable documented Evidence that her client's (Coker's) Criminal History and Record was not as extensive as the ADOC records incorrectly indicated and reflected,and also offered to the Board and it's Members documentation to prove the errors the Board chose to ignore her totally in '2015 and on re-hearing in '2016.

Counselor Barber also presented the PArole Board and it's Members with a valid and comprehensive RELEASE PLAN for Coker,and in said plan stiplulated that Coker would be admitted to a Veterans Administration Facility and or a Private Facility for care if Parole were to be GRANTED.

Coker requires Psychological and Psychiatric care for issues with Post-Tramatic Stress Disorder that he has had as a result of many years of Stress,Abuses at that hands of Correctional Personnel both in Georgia and Alabama's Department's of Corrections,and while he was in the United States Military.

Yet,the Alabama Board of PArdons and Paroles has prefered to continue to keep Coker imprisoned and incarcerated where he receives little or no therapy,no psychological treatment for his disorders whatsoever.

This must be determined by this Court and a Jury at Trial to be Deliberate Indifference,and Conspiratorial in nature and act to deny such an obvious candidate Parole when the ADOC Prisons are at 180% capacity and have an abundance of Violent Offenders with much more serious Arrest and Conviction Records that require to remain imprisoned.

5. The Board of Pardons and Paroles,has Conspired to Violate Coker's Civil Rights,by continuing to deny him Parole and keep him imprisoned despite the fact that the ADOC Prisons are overcrowded and lacking bed-space for Violent and truly unrepentant offenders.

6. The Board of Pardons and Paroles has COnspired to continue to incarcerate Larry G. Coker,and has done so by denying Coker adequate Medical Care he could provide for himself that he requires due to the Medical negligence by ADOC Medical contract care Providers.

6.    Despite the fact that the ADOC has severe Budgetary and Overcrowding constraints,and the fact that Coker could and is able to financially afford his own Medical and Psychiatric Care and Treatments should he be release and Granted Parole,they still have chosen to DENY PAROLE to Coker.

The only plausible conclusion is the fact that the State of Alabama Board of Pardons and Paroles is acting in a discriminatory and prejudicial fashion due solely to the nature of Coker's prior record and current charges.

However,in reality and actuality Coker is not in prison for any SEX related Offense(s),he merely failed to Register as a Sex Offender,and at this stage even that requirement is suspect and under judicial review.

In Coker's instant case that he is incarcerated for at this time,and has been up for Parole from twice in the last 9 years,is not designated as a SEX OFFENSE in and of itself.

There is no violence involved in Coker's case that he was imprisoned for whatsoever,and there is no human or physical victim involved,and no property damage was involved,therefore to what degree and for what valid causes does the Defendant's at the Alabama Board of Pardons and Paroles really rely upon for their repeated discrimination and prejudicial denials of Coker's Parole ?

There is no valid or cognizable reasoning to the actions of the Parole Board,it's Member's except a prejudice and deliberate conspiracy to withheld Equal Justice,and Due Process to any Sex Offender despite whether extenuating circumstances and facts state that Parole is in order and warranted.

[ See in support St.Clair County,Alabama Criminal Case file Number 75 CC 2007-000285 et al ]

7. The Alabama Board of PArdons and Paroles,has procedures and protocols that is is violating daily. Under the very essence of the Greenholz v. Nebraska,decision by the U.S. Supreme Court,that states and requires STATUTORY REASONS for denial of Parole MUST BE FOUND.   See in support Greenholtz v. Nebraska Penal Correctional Complex,442 U.S. 1,7, 99 S.Ct. 2100 (1997) ]

Parole procedures that are not set out in statutes or regulations explicitly are contrary to Liberty issues. See in support, Slocum v. Georgia State Board of Pardons and Paroles, 678 F.2d 940,941 n.3 (11th Circuit 1982).

8. The Alabama Department of Corrections provides Offenders with Sex Crime history NO opportunities    at    Group    Therapy,Work    Release,or    any    other    Rehabilitative programs,counselling or activities for any Offender that must be housed under the designation of "Protective Custody" as is the Plaintiff.

8. This is not only discriminatory,it is absolutely bars any person/offender (like Coker) held for safety reasons only,in the Alabama Department of Corrections "Protective Custody Unit",(of which the State of Alabama has only (1) such unit that is located at Limestone Correctional Facility,in Harvest,Alabama) this creates a "Liberty Interest" that has been decided in the decision in the 11th Circuit under Kirby v. Seigleman, 195 F. 3d 1285,1288,1291-1292 (11th Circuit decision 1999).

9. In accordance with 42 USC § 1985 (2) which states " the due course of Justice cannot be denied any citizen,the equal protection of the Laws of the State" and under 42 USC § 1985 (3) provides for damages against persons who "conspire for the purposes of depriving any person or class of person,(Sex Offenders,and or Non-Violent Sex Offenders) of the Equal Protection of Laws,or of Equal Privileges and immunities under the Laws". [ See in support U.S. Supreme Court decision in Chavis v. Claton County School Dist.,300 F. 3d 1288,1291-94 (11th Circuit) and generally Griffen v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790 (1971).]

This is whereunder Coker will seek monetary damages,actual damages for the costs of his suit,and expenses,punitive damages in the amounts of,in excess of all statutory caps due to these allegations of Conspiracy committed by the Defendant's under the color of Law,while in the performance of their Official Duties,that has been contrary to the Laws of the State of Alabama,the Constitutional protected rights of the Plaintiff,and contrary to the Rules,Regulations and Policies under which they are empowered,employed and have taken oaths to uphold to deny Larry G. Coker Parole without valid cause(s).

It will be established through the discovery processes during the investigational periods of this suit that the Defendant's have acted in a deliberate and intentional mannerism,that was done with malice and forethought. The allegations that there is a Conspiracy being perpetrated by the Alabama Board of Pardons and Paroles,and it's specific Board Members as are specified herein and above in this complaint,for denying a non-violent Sex Offender,and unsubstantiated alleged Sex Offenders Parole,when all other factors and facts in said parolee's records warrant the Granting of Parole,and where other offenders with much more extensive,violent and habitual offender records routinely are Granted Parole by the Defendants.

Under the guises and code of the United States of America,under 42 USC §1985 (2) and (3),this Plaintiff seeks to prosecute his suit against the Defendants in their Official Capacities and their Agencies for violations of his Civil Rights as stated above and herein,as a CONSPIRACY to Deny him parole due to the alleged criminal record and charges in his history for alleged Sex Crimes,that are not even actual conviction.

## RELIEF SOUGHT AND DAMAGES SOUGHT

Larry G. Coker,the Plaintiff to this suit is seeking damages from the Defendant's in their Official Capapcities at this time,and from their Agencies,and should it later be discovered that any one or more of the named Defendant's to this action has acted in a intentional,or malicious manner,that is determined to of been outside or beyond the scope of his duties,then the Plaintiff reserves the right to Amend this Complaint,and seek damages in that or those persons individual capacities once discovered.

At this time Coker seeks a DECLARITORY JUDGEMENT against the State of Alabama,and it's subsidiary agencies,the Alabama Department of Corrections,and the Alabama Board of Pardons and Paroles that setforth guilt and liability for failing to perform in an unbiased and regulated fashion when considering Parole requests for this Plaintiff in '2012,'2015 and '2016.

The Palintiff seeks that the Court place the Defendant's under some form of consent decree that requires them to perform within specific parameters and conditions when deciding on how or when to Grant or Deny Parole.

Coker seeks an Award for Actual Damages for all the actual costs,fee's and expenses associated with brining and prosecuting this suit.

Coker will seek after a Jury Trial and Verdict in his favor,Monetary Damages in excess of One Million Dollars,($1,000,000.00),for each additional year he has remained imprisoned and denied Parole by the Defendant's since the initial decision from them in '2012. This amout will total at the time of filing of this suit at Six Million Dollars,($6,000,000.00),and will continue to escalate and accrue while the suit commences through the Pre-Trial and Trial stages.

Coker also seeks and prays upon this Honorable Court and a Jury to Award any and all other relief that may be applicable and entitled to him after the Verdicts are rendered by the Jury,and as the Court itself may deem fit and proper at that time.

Wherefore,the Plaintiff,Larry G. Coker whom is Pro se presents and tenders his Complaint before this Honorable Court at this time for Trail by Jury.

PLAINTIFF'S PRO SE INVOCATION OF THE HAINES V. KERNER DECISION

The Plaintiff Larry G. Coker invokes as a Pro se Litigant,and as an inmate in the Alabama Department of Corrections,who has NO Formal Legal Training,and is not a Licensed or Trained Attorney at Law to any degree,and has had to solely rely upon the assistance of other inmates whom are Paralegals and or Law Library workers to assist him in filing this Complaint,the doctrine of the Haines v. Kerner decision rendered by the U.S. Supreme Court in '1972.

In the case as cited under Haines v. Kerner,404 U.S. 519,520-521, 92 S.Ct. 594 (1972),that has been since decided upheld in cases and other Supreme Court decisions as in; Erickson v. Pardus,551 U.S. 89,94, 127 S.Ct. 2197 (2007),and Hughes v. Rowe,449 U.S. 5,9, 101 S.Ct. 173 (1980),that requires this Court and all others to review this Complaint as it has been written,and interpret it in a LITERAL view,and to liberally Construe it's construction,and overlook any Deficiencies in prose or construction of the Complaint,and to otherwise liberally interpret these claims as written.

This Plaintiff,has no formal Legal Training or Education,and is not an Attorney at Law,and asks this Honorable Court to adhere to the Haines V. Kerner doctrine during it's review of this Complaint.

Respectfully Submitted,

*Larry G. Coker*

Larry G. Coker #264638
C/O Limestone Corr. Facility E-42-A
28779 Nick Davis Rd.
Harvest,Alabama   35749-7009
Plaintiff Pro se
5/25/2016

OATH

I,Larry G. Coker,Plaintiff Pro se,do herein and hereby Affirm and Aver,that the foregoing Civil Rights Complaint is true and correct,and that it has been written,signed and sworn to by me on this 25th day of May,2016,under the Penalty of perjury,pursuant to,and in accordance with 28 USC § 1746.

Respectfully Submitted,

*Larry G. Coker*

Larry G. Coker #264638
C/O Limestone Corr. Facility E-42-A
28779 Nick Davis Rd.
Harvest,Alabama   35749-7009
Plaintiff Pro se

NOATRY PUBLIC

I, Kelly Johnson          Notary Public,do herein and hereby Certify that Larry G. Coker was before me personally,on this 25th day of May,2016,and did produce an Alabama Department of Corrections ID Card #264638 to me as identification,and I did administer the Oath,and Affix my Official Seal hereto on this date and time,at Limestone Correctional Facility,in Limestone County,in Harvest,Alabama.

Notary Public: *Kelly Johnson*
Dated: 5/25/2016
My Commission Expires on: 11/16/18

CERTIFICATE OF SERVICE

I,Larry G. Coker,do Certify that (1) True Copy of the foregoing has been placed into the U.S. Mail on this 25th day of May,2016,to the below listed interested parties at their respective addresses,to wit;

1. Clerk of the U.S. District Court of Alabama
   1729  5th Avenue North
   Birmingham,Alabama   35203-2037

2. State of Alabama Board of Pardons and Paroles
   301 S. Ripley Street
   Montgomery,Alabama   36130-2405

3. Office of the Alabama Attorney General
   501 Washington Avenue
   Montgomery,Alabama   36130-0152

Respectfully Submitted,

*Larry G. Coker*

Larry G. Coker #264638
C/O Limestone Corr. Facility E-42-A
28779 Nick Davis Rd.
Harvest,Alabama   35749-7009
Plaintiff Pro se

# EXHIBIT A

**FILED**

JUL 1 6 2010

Clerk Of SUPERIOR COUR
Bartow Co., GA

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

STATE OF GEORGIA

CRIMINAL ACTION NUMBERS:

35932 (CDTP - 2D DEGREE)
37893 (KIDNAPPING)
37898 (AGG ASSAULT)
37899 (SIMPLE BATTERY)

VS.

LARRY COKER,

DEFENDANT

RULE NISI

A hearing on Defendant's Motion to Dismiss shall be scheduled for

_____July 20, 2010_____ in Courtroom D at the

Bartow County Courthouse

Judge D. Scott Smith
Superior Court of Bartow County, Georgia

Presented by:

Neal Brunt    002630
Attorney for Plaintiff

Brunt & Hood, LLC
210 West Main Street
Cartersville, Georgia 30120
770-387-4500

STATE OF GEORGIA

JUL 2 0 2010

CLERK OF SUPERIOR COURT
BARTOW COUNTY, GA

STATE OF GEORGIA

VS.

LARRY COKER,

DEFENDANT

CRIMINAL ACTION NUMBERS:

35932 (CDTP - 2D DEGREE)
37893 (KIDNAPPING)
37898 (AGG ASSAULT)
37899 (SIMPLE BATTERY)

## ORDER OF DISMISSAL OF CHARGES

The above styled case came before the Court on July 20, 2010 for a hearing on Defendant's Motion to Dismiss. After reviewing the court's file and considering the arguments of counsel, the Court enters the following Order:

### FINDINGS OF FACT

1.

On October 28, 1975, an indictment was filed against Defendant in case number 37898 accusing him of the criminal act of Criminal Damage to Property in the Second Degree.

2.

On April 28, 1976, an indictment was filed against Defendant in case number 37893 accusing him of the criminal act of Kidnapping.

3.

On April 28, 1976, an indictment was filed against Defendant in case number 37898 accusing him of the criminal act of Aggravated Assault with a Deadly Weapon.

4.

On April 28, 1976, an indictment was filed against Defendant in case number 37899 accusing him of the criminal act of Simple Battery.

Page 1 of 4

Georgia, Bartow County
I certify that the foregoing is a true and exact copy of the original which appears of record in this office. In witness whereof, I have this ___ day of _____ affixed my seal and signature.

Dep. Clerk
Bartow Superior Court

5.

On May 11, 1976, following a jury trial, Defendant was found guilty of Kidnapping, Aggravated Assault with a Deadly Weapon and Simple Battery and was later sentenced to prison.

6.

On June 4, 1976, Defendant's trial counsel, Robert Benham, filed a Motion for New Trial on the charges of Kidnapping, Aggravated Assault with a Deadly Weapon and Simple Battery.

7.

On March 15, 1977, Judge Jere F. White granted Defendant's Motion for New Trial on the charges of Kidnapping, Aggravated Assault with a Deadly Weapon and Simple Battery.

8.

On June 22, 1977, Defendant filed a "Demand for Trial" on the charges of Kidnapping and Aggravated Assault. This document constituted a demand for speedy trial in 1977 under Georgia Code § 27-1901. This document was filed in the term of Court immediately following the term when Defendant's Motion for New Trial was granted.

9.

On May 2, 1978, the District Attorney placed the following cases on the Dead Docket:

| | |
|---|---|
| 35932 (CDTP - 2d Degree) | Dead Docket EE 1680, page 36 |
| 37899 (Simple Battery) | Dead Docket EE 1677, page 36 |
| 37898 (Agg. Assault) | Dead Docket EE 1678, page 36 |

10.

The Kidnapping case was not placed on the Dead Docket, but the case was never re-tried and is still an open case.

11.

Over 33 years have passed, since Defendant's Demand for Speedy Trial was filed for the kidnapping and aggravated assault charges.

Over 32 years have passed since Defendant's Cases 35932, 37899, and 37898 were placed on the Dead Docket by the District Attorney of Bartow County.

## CONCLUSIONS OF LAW

1.

No action has been taken by the State of Georgia with respect to any of the charges set forth in Defendant's Motion (Cases 35932, 37893, 37898, and 37899) in over 30 years.

2.

Defendant's constitutional right to a speedy trial guaranteed by the 8th Amendment to the United States Constitution and Article 1, § 1, Paragraph XI of the Constitution of the State of Georgia bars prosecution of Defendant on the charges referenced in Case Numbers 35932, 37893, 37898, and 37899.

3.

Further, prosecution of Defendant on the charges referenced in Case Numbers 35932, 37893, 37898, and 37899 is barred pursuant to Georgia Code § 27-1901 (now OCGA § 17-7-170) based upon the Demand for Trial filed by Defendant in 1977.

4.

Defendant's Motion to Dismiss is hereby GRANTED. Accordingly, Case Numbers 35932, 37893, 37898, and 37899 are hereby dismissed with prejudice and Defendant shall be forever discharged and acquitted of the charges of Criminal Damage to Property in the 2d Degree (35932), Kidnapping (37893), Aggravated Assault (37898) and Simple Battery (37898).

The Clerk of Court shall report the dismissal of the above referenced cases to the GCIC.

SO ORDERED, this 20th day of July, 2010.

_____
Judge D. Scott Smith
Superior Court of Bartow County, Georgia

Presented by:

_____
Neal Brunt    002630
Attorney for Plaintiff

Brunt & Hood, LLC
210 West Main Street
Cartersville, Georgia 30120
770-387-4500

Page 4 of 4

**BILL OF INDICTMENT**

GEORGIA, ......*Bartow*...... COUNTY

IN THE SUPERIOR COURT OF SAID COUNTY

The Grand Jurors Selected, Chosen and Sworn For the County Aforesaid, To-Wit:

1. W.N.Shadden, Jr., Foreman

2. Ronald L. Kennedy
3. Donald C. Brown
4. Norman E. Daugherty
5. Cathy Cozette Hawkins Williams
6. Mrs. E. D. Kirkman
7. Earl M. Hood, Sr.
8. Jackson E. Edwards
9. Clyde W. Jackson
10. Landen Littlefield
11. Walter E. Burton
12. John R. McStatts
13. Cecil N. McMicken

14. Ralph L. Oglesby
15. Billy Womack
16. Troy B. Looney

17. James Lester Ingram
18. Leafus Bray
19. T. Clifford Smith
20. C. G. Satterfield
21. Ralph F. Treadaway
22. Joe Gilreath
23. William R. Gibbs

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE

*Larry Coker*

with the offense of ..... *felony* ..........

for that the said accused on the ...... *6* ..... day of ..... *March* ..... , in the year

of our Lord, One Thousand Nine Hundred and Seventy ..... *and* ..... , in the County aforesaid, did unlawfully then and there *did abduct Faye Coker, a person, without lawful authority and held such person against her will*

contrary to the laws of this State, and good order, peace and dignity thereof.

PRESENTMENT.

*Faye Coker*

Prosecutor.

DAVID N. VAUGHAN, Jr., *District Attorney*

We, the Jury, find the Defendant ..... _Guilty_ .....

This .. _11_ .. day of .... _May_ ........ 19 _76_          _Thomas B. ____ Foreman_

GEORGIA, _____ COUNTY_
filed in _____ office

Te. _11_ day of _May_ 19 _76_
                _W. H. Bradley_

The Defendant ..........................................
waives copy of Bill of Indictment and list of
witnesses, also waives being formally arraigned
and pleads ........... _not_ ........... Guilty

DAVID N. VAUGHAN, Jr., District Attorney
_L. Larry Cohen_ _____
_____ _for Paul Bryant_ Defendant's Attorney

---

_K. v. Thornton, Ga._
_Kidnapping_

1535 I BILL OF INDICTMENT
NO. 3,1293.

_Baker_
_April_ _____ Term, 19 _76_
               Superior Court

THE STATE
vs
LARREY COKER

2.04

GEORGIA-BAKER COUNTY
Filed in ____ office
This 28 day of _April_, 19 76
_by M. Breeding_ Clerk

_True_ BILL
_A. C. Shelley Jr._, Foreman

DAVID N. VAUGHAN, Jr., District Attorney
_Larry Cohen_, Prosecutor

Minute Book _____ NF ____ Page _287._

_Mac/3068_

---

WITNESSES

_Jorge Cohen J.R._
_1 X Selfridge St._
_Central M., Ga._

_Bob Patrick_
_Ga. Patten_
_Bakr RA Bt S, city_

_Mary Mitchell_
_Rt. 5_
_Cairville, Ga._

_Ed Thibodeaux, city P.A._
_Solomon J. Thibodeaux St, city_
_309 Johnson St, city_

_Gregory Allen Oil Co._
_C/o Gregory Oil Co._
_Joe Sherman, GSP._

_Dennis Tucker, GSP._
_Nancy _____ Brown_
_3rd ing Co. P.D._

# SENTENCE:

Charge _Kidnapping_

_Bartow_ Superior Court

_April_ Term, 19 _76_

No. _37893_

THE STATE

vs.

_Larry Coker_

(GEORGIA Verdict) of Guilty
Filed in Clerk's Office

This _13_ day of _May_ 19 _76_

_W. H. Bradley_ clk

WHEREUPON, It is ordered and adjudged by the Court that the Defendant,

be taken from the Bar of this Court to the Jail of _Bartow_ County, and be there safely kept until a sufficient guard is sent for him from the Georgia Penitentiary, and be then delivered to, and be by said guard taken to said Penitentiary, or to such other place as the Director of Corrections may direct, where he, the said defendant be confined at labor for the full term _20_ years to be computed according to law.

By the Court _May 13_ 19 _76_

_J. Davis_
J.S.C.C.C.

_____
District Attorney

GEORGIA, _Bartow_ COUNTY:

I, the undersigned,_____ Clerk of the Superior Court, in and for said County, do hereby certify that the above is a true and complete copy of the sentence and judgment of the Court in the case of State vs. _Larry Coker_ convicted of _Kidnapping_ as appears of record and from the minutes of said Court.

Given under my official signature and the seal of said Court,

This _13_ day of _May_ 19 _76_

_W. H. Bradley_

# EXHIBIT

"A-1"

ALABAMA UNIFORM ARREST REPORT

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| 7. ORI # | AGENCY NAME | 3. CASE # |
|---|---|---|
| 0.5.0.2.0.0.1 | ST CLAIR CO SHERIFF'S OFFICE | 0.7.0.0.3.2.1.9.3.5 |

| 5. LAST, FIRST, MIDDLE NAME | 6. ALIAS AKA |
|---|---|
| COKER, LARRY GWEN | LAWRENCE GIENE, LARRY |

| 7. SEX | 8. RACE | 9. HGT. | 10. WGT. | 11. EYE | 12. HAIR | 13. SKIN | 14. | SCARS | MARKS | TATTOOS | AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| M | B | 511 | 210 | HA3 | BRO | | | | ☒ | | |

| 15. PLACE OF BIRTH (CITY, COUNTY, STATE) | 16. SSN | 17. DATE OF BIRTH | 18. AGE | 19. MISCELLANEOUS ID # |
|---|---|---|---|---|
| AL | 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 | 09-06-45 | 61 | |

| 20. SID # | 21. FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SECON | SUB-SECONDARY | FINAL | 22. DL # | 23. ST |
|---|---|---|---|---|---|---|---|---|---|
| 24. FBI # | | HENRY CLASS | | | | | | IDENTIFICATION COMMENTS | |
| | | NCIC CLASS | | | | | | | |

| 26. ☒ RESIDENT / ☐ NON-RESIDENT | 27. HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28. RESIDENCE PHONE | 29. OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 10062 State No. Pell City AL 3512S | ( ) | DISABLED |

| 30. EMPLOYER (NAME OF COMPANY/SCHOOL) | 31. BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32. BUSINESS PHONE |
|---|---|---|
| UNEMP. | | ( ) |

| 33. LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34. SECTOR | 35. ARRESTED FOR YOUR JURISDICTION? ☐ YES ☐ NO |
|---|---|---|
| US831 NEAL JEANNIE PRUITT | SOUTH | 36. ☐ IN STATE ☐ OUT OF STATE ☐ OUT STATE AGENCY |

| 36. CONDITION OF ARRESTEE: | ☐ DRUNK ☒ SOBER ☐ DRINKING ☐ DRUGS | 37. RESIST ARREST? ☐ Y ☒ N | 38. INJURIES? ☒ NONE ☐ OFFICER ☐ ARRESTEE | 39. ARMED? ☐ Y ☒ N | 40. DESCRIPTION OF WEAPON ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ OTHER FIREARM ☐ OTHER WEAPON |
|---|---|---|---|---|---|

| 41. DATE OF ARREST | 42. TIME OF ARREST | 43. DAY OF ARREST | 44. TYPE ARREST | 45. ARRESTED BEFORE? |
|---|---|---|---|---|
| 05-04-07 | 1500 ☐ AM ☒ PM ☐ MIL | S M T W T F S | ☒ VIEW ☐ ON CALL ☐ WARRANT | ☒ YES ☐ NO ☐ UNKNOWN |

| 46. CHARGE-1 ☒ FEL ☐ MISD | 47. UCR CODE | 48. CHARGE-2 ☒ FEL ☐ MISD | 49. UCR CODE |
|---|---|---|---|
| FAIL TO REGISTER AS SEX OFFEND | | VIOL COMMUNITY ACT 15-20-22 | |

| 50. STATE CODE/LOCAL ORDINANCE | 51. WARRANT # | 52. DATE ISSUED M D Y | 53. STATE CODE/LOCAL ORDINANCE | 54. WARRANT # | 55. DATE ISSUED M D Y |
|---|---|---|---|---|---|
| 13A-11-200 | | | 15-20-22 | | |

| 56. CHARGE-3 ☒ FEL ☐ MISD | 57. UCR CODE | 58. CHARGE-4 ☐ FEL ☐ MISD | 59. UCR CODE |
|---|---|---|---|
| OBSCURING IDENTITY OF VEH | | | |

| 60. STATE CODE/LOCAL ORDINANCE | 61. WARRANT # | 62. DATE ISSUED M D Y | 63. STATE CODE/LOCAL ORDINANCE | 64. WARRANT # | 65. DATE ISSUED M D Y |
|---|---|---|---|---|---|
| 13A-8-22 | | | | | |

| 66. ARREST DISPOSITION ☒ HELD ☐ BAIL ☐ RELEASED ☐ CITE-LE ☐ OTHER | 67. IF OUT ON RELEASE WHAT TYPE? | 68. ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| | | 69. ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

| 70. VYR | 71. VMA | 72. VMO | 73. VST | 74. VCO | TOP BOTTOM | 75. TAG # | 76. TY | 77. LIY |
|---|---|---|---|---|---|---|---|---|

| 81. OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|

| 82. JUVENILE DISPOSITION: | ☐ HANDLED AND RELEASED ☐ REF TO JUVENILE COURT | ☐ REF TO WELFARE AGENCY ☐ REF TO OTHER POLICE AGENCY | ☐ REF TO ADULT COURT | 83. RELEASED TO |
|---|---|---|---|---|

| 84. PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85. ADDRESS (STREET, CITY, STATE, ZIP) | 86. PHONE ( ) |
|---|---|---|

| 87. PARENTS EMPLOYER | 88. OCCUPATION | 89. ADDRESS (STREET, CITY, STATE, ZIP) | 90. PHONE ( ) |
|---|---|---|---|

| 91. DATE AND TIME OF RELEASE M D Y ☐ AM ☐ PM ☐ MIL | 92. RELEASING OFFICER NAME | 93. AGENCY/DIVISION | 94. ID # |
|---|---|---|---|

| 95. RELEASED TO: | 96. AGENCY/DIVISION | 97. AGENCY ADDRESS |
|---|---|---|

| 98. PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99. PROPERTY NOT RELEASED/HELD AT: | 100. PROPERTY # |
|---|---|---|

| 101. REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| NO BOND / SEE JUDGE / DA MUST BE NOTIFIED PRIOR TO RELEASE |

| | LOCAL USE |
|---|---|
| 102. SIGNATURE OF RECEIVING OFFICER | 103. SIGNATURE OF RELEASING OFFICER | STATE USE |

| MULTIPLE CASES USED | 104. CASE # | 105. SFX | 106. CASE # | 107. SFX | 108. CASE # | 109. SFX | 110. ADDITIONAL CASE CLOSED NARRATIVE ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|

| ARRESTING OFFICER (LAST, FIRST, M.) | 112. ID # | 113. ARRESTING OFFICER (LAST, FIRST, M.) | 114. ID # | 115. SUPERVISOR | 116. WATCH CMDR. ID # |
|---|---|---|---|---|---|

Cobb County Clerk of Court                                    3/2/2015
32 Wadell St. Marietta Sq. 5th Fl.
Marietta, Ga. 30061
ATTN: Criminal Division Supervisor              In Re: State V. Coker
                                                Records Inquiry

          Dear Supervisor:

     My name is Larry G. Coker and in the late 1970's or early 1980's, I was
arrested and charged with a felony Offense. My D.O.B. is 9/6/1945.

     At this time I am requesting a copy of the Docket History of the case
numbers, all indictments, judgments, and sentences filed against me with your
office between 1977 and 2000. I am an incarcerated inmate in Alabama and require
this information for the purpose concerning sentence issues related to my
Alabama Charges. If you could please forward these documents to me as soon as
possible, I would greatly appreciate your assistance.

                                        Respectfully Submitted:

CC: FILE                                *Larry G. Coker*

                                        Larry G. Coker #204019
                                        S-Dorm P2 Unit
                                        28779 Nick Davis Rd
                                        Harvest, Al. 35749-7009
                                        Pro Se Requestor

**Rebecca Keaton**
Clerk of Superior Court
Cobb Judicial Circuit



**Kimberly Carroll**
Chief Deputy Clerk

March 10, 2015

Larry C. Coker
#264535 E-Dorm PC Unit
Alabama State Prison
28779 Nick Davis Road
Harvest, AL 35749-7009

In Re: State of Georgia
Vs
Larry C. Coker
Criminal Action File Number: 80-9-2229 & 81-9-0095

Dear Mr. Coker:

Enclosed please find a copy of the original sentence packages that you requested from your file. Please note that this is the only free copy that you will receive. Replacement copies are at a cost of 50 cents per page.

Sincerely,

Darlene Corbitt, Deputy Clerk
Cobb Superior Court

www.cobbsuperiorcourtclerk.com

*Court Division*
P.O Box 3370

*Real Estate Division*
P.O.Box 3430

*UCC Division*
P.O Box 3490

**REBECCA KEATON, Clerk**
Cobb Superior Court
Court Division
P.O. Box 3370
Marietta, GA 30061

**RETURN SERVICE REQUESTED**



Larry C. Coker
#264535 E-Dorm PC Unit
Alabama State Prison
28779 Nick Davis Road
Harvest, AL 35749-7009

## ADDITIONAL WITNESSES

- MARSHA RENNER
  COBB COUNTY POLICE DEPT.

- LINDA TILLMAN
- FRANCIS JARVIS
  CRIME LAB
  959 E. CONFEDERATE AVENUE
  ATLANTA, GEORGIA

  DR. WATSON
  C/O KENNESTONE HOSPITAL EMERGENCY
  ROOM
  CHURCH STREET
  MARIETTA, GEORGIA

  DET. BREWER
  CARTERSVILLE POLICE DEPT.
  CARTERSVILLE, GEORGIA

---

# WITNESSES

- LORRY MASSEY
- LYNN DYSART
- MR. & MRS. MASSEY
  112 SUMMIT STREET
  CARTERSVILLE, GEORGIA

- J. S. MORGAN, JR.
  142 JONES STREET
  CARTERSVILLE, GEORGIA

- MRS. GIL TILLEY
  14 LITTLE VOLLEY RAOD
  CARTERSVILLE, GEORGIA

- R. L. MAXWELL
- DET. RAMPLEY
  BARTOW COUNTY SHERIFF'S OFFICE
  CARTERSVILLE, GEORGIA

- LEE RAMSEY
- PENN JONES
  The Defendant     (SEE REVERSE)

at RS.
waives copy of Bill of Indictment and list of witnesses, also waives being formally arraigned and
pleads  not  guilty.

THOMAS J. CHARRON, District Attorney

*Barry Staples*
Defendant's Attorney

---

KIDNAPPING; ENTICING A C
INDECENT PURPOSE; CHILD
STATUTORY RAPE; RAPE
**GENERAL BILL OF INDI**

## 810095

No. _____ Cobb Super

JANUARY _____ Term, 1!

## THE STATE

### vs.

LAWRENCE GENE COKER

Filed in Office by

*M a P*
Gran

*January 3C*

*Jack L. Graham*

_____ Bil

*K C Druit*

THOMAS J. CHARRON, District
SPECIAL PRESENTMEN

Minutes _____ Pa

---

We, the Jury, find the defendant _____

_____ ty of _____

This the _____

_____, 19 _____

_____

Foreman

## IN THE SUPERIOR COURT OF SAID COUNTY

THE GRAND JURORS SELECTED, CHOSEN AND SWORN FOR THE COUNTY AFORESAID, TO-WIT:

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE

LAWRENCE GENE COKER

with the offense of _____ KIDNAPPING _____

for that the said accused on the ___ 15TH day of __SEPTEMBER_____, in the year of our Lord, One Thousand Nine Hundred and __EIGHTY_____, in the County aforesaid, did unlawfully then and there BEING A PERSON OVER THE AGE OF 17 YEARS, THE ACCUSED DID MALICIOUSLY ENTICE AWAY LORRY MASSEY, A CHILD UNDER THE AGE OF 16 YEARS AGAINST THE WILL OF HER PARENTS MR. AND MRS. MASSEY; CONTRARY TO THE LAWS OF THIS STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF.

### COUNT TWO

AND THE GRAND JURORS AFORESAID IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, FURTHER CHARGE AND ACCUSE LAWRENCE GENE COKER WITH THE OFFENSE OF ENTICING A CHILD FOR INDECENT PURPOSE FOR THAT THE SAID ACCUSED ON THE 15TH DAY OF SEPTEMBER, 1980, IN THE COUNTY AFORESAID , DID UNLAWFULLY THEN AND THERE - ENTICE LORRY MASSEY, A CHILD UNDER THE AGE OF 14 YEARS, TO STONEWALL  DRIVE, KENNESAW, FOR THE PURPOSE OF CHILD MOLESTATION;

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| THE STATE OF GEORGIA | § | CASE NO.  81 - 0095 |
| VS. | § | |
| LAWRENCE GENE COKER, | § | |
| DEFENDANT | § | MOTION FOR DIRECTED VERDICT |

ORDER OF COURT

Motion for Directed Verdict was made by Counsel for the above named
Defendant at the close of State's evidence, as to Count 5 the charge of Rape.

It Is Therefore Considered, Ordered and Adjudged that the Motion for
Directed Verdict of Not Guilty as to Count 5,       the charge of Rape, is hereby
granted.

Issued this 29th day of April, 1981.

_____
SENIOR JUDGE

GEORGIA SUPERIOR COURT
CLERK OF SUPERIOR COURT
FILED IN OFFICE
MAY 4 PH 2 56
COBB COUNTY GEORGIA

CLERK'S OFFICE, SUPERIOR COURT
COBB COUNTY, GEORGIA
FILED IN OFFICE

This _April 29_ 19 _81_

_Mary Halston_ CLERK
4:28 p.m.

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

THE STATE OF GEORGIA

VS.

LAWRENCE GENE COKER,

DEFENDANT

§ CASE NO. 91-0095
§ COUNT 1 – KIDNAPPING
§ COUNT 2 – ENTICING CHILD FOR
§ INDECENT PURPOSES
§ COUNT 3 – CHILD MOLESTATION
§ COUNT 4 – STATUTORY RAPE

### VERDICT FORMS

_____ WE, THE JURY, FIND THE DEFENDANT NOT GUILTY OF KIDNAPPING.

✓ WE, THE JURY, FIND THE DEFENDANT GUILTY OF KIDNAPPING.

_____ WE, THE JURY, RECOMMEND THAT THE DEFENDANT BE PUNISHED AS FOR A MISDEMEANOR.

_____ WE, THE JURY, FIND THE DEFENDANT NOT GUILTY OF ENTICING A CHILD FOR INDECENT PURPOSES.

✓ WE, THE JURY, FIND THE DEFENDANT GUILTY OF ENTICING A CHILD FOR INDECENT PURPOSES.

_____ WE, THE JURY, RECOMMEND THAT THE DEFENDANT BE PUNISHED AS FOR A MISDEMEANOR.

_____ WE, THE JURY, FIND THE DEFENDANT NOT GUILTY OF CHILD MOLESTATION.

✓ WE, THE JURY, FIND THE DEFENDANT GUILTY OF CHILD MOLESTATION.

_____ WE, THE JURY, RECOMMEND THAT THE DEFENDANT BE PUNISHED AS FOR A MISDEMEANOR.

_____ WE, THE JURY, FIND THE DEFENDANT NOT GUILTY OF STATUTORY RAPE.

✓ WE, THE JURY, FIND THE DEFENDANT GUILTY OF STATUTORY RAPE.

_____ WE, THE JURY, RECOMMEND THAT THE DEFENDANT BE PUNISHED AS FOR A MISDEMEANOR.

THIS _29TH_ DAY OF _APRIL_ 1981.

## COBB SUPERIOR COURT
## FELONY SENTENCE

No.: _81-0095_

**THE STATE**

vs.

_Lawrence Dine Coker_

Indictment/~~Accusation~~

_March_ Term, 19 _81_

Offense

_Kidnapping_

Counts _1_

- Defendant enters plea of _not Guilty-jury verdict of Guilty_
- Whereupon, it is considered and adjudged by the Court that the said defendant;
- ~~Pay a fine of $ ____ to include all costs;~~
- Pay restitution ~~of $ ____ to injured party, to-wit:~~

_____ ;

- ~~at the rate of~~ _____ ;
- ~~or in default of such payment;~~
- Be confined for _20_ years in the Penitentiary of the State of Georgia or at such other places as the Department of Offender Rehabilitation may direct;
- ~~Probated upon compliance with sentence and with order of probation hereto attached and made a part hereof;~~ _____

Sentence pronounced and signed, this _29_ day of _April_, 19 _81_.

_James F. Morris, ADA_

_Jon Morris, Asst. D.A._

_John W W_____
~~Judge, Cobb Superior Court~~

| | |
|---|---|
| Paid | _____ |
| Prepared by | _M.L.R._ |
| Docketed | _55_ |
| For CUS | _X_ |

Copies _____
C/C Copies _____
Recorded _Crim. Min. BK. 29_
Microfilm _____

_Supr. Judge,_
_Cobb Supr. Sup. Courts_
_jail, prett, prob,_
_Sonja, Adj. Ctr_
_Crim. Min. BK. 29_

# COBB SUPERIOR COURT
## FELONY SENTENCE

No.: *91-0095*

**THE STATE**

vs.

*Lawrence Gene Coker*

Indictment, ~~Accusation~~

*March* Term, 19 *81*

Offense

*Enticing a child
for Indecent Purpose*

Counts ..... *2*

- Defendant enters plea of ~~not~~ *Guilty* Jury Verdict *of Guilty*

- Whereupon, it is considered and adjudged by the Court that the said defendant;

- ~~Pay a fine of $ to include all costs;~~

- ~~Pay restitution of $ to injured party, to-wit:~~

- ~~at the rate of~~ ;

- ~~or in default of such payment;~~

- Be confined for *20* years in the Penitentiary of the State of Georgia or at such other places as the Department of Offender Rehabilitation may direct;

- ~~Probated upon compliance with sentence and with order of probation hereto attached and made a part hereof;~~

Sentence pronounced and signed, this *29* day of *April*, 19 *81*

Paid
Prepared by  *MLR.*
Docketed  *SJ*

Copies
C/C Copies
Recorded  *Crim. Min. BK 29*
Microfilm

Judge, ~~Cobb Superior Court~~
Senior Judge

**COBB SUPERIOR COURT**
FELONY SENTENCE

No.: *81-0075*

**THE STATE**

vs.

*Lawrence Gene Coker*

Indictment/~~Accusation~~

*March* Term, 19 *81*

Offense

*Statutory Rape*

Counts *4*

- Defendant enters plea of *not guilty - Jury Verdict of Guilty*

- Whereupon, it is cons~~~~ ed and adjudged by the Court that the said defendant;

- ~~Pay a fine of $ ——————— to include all costs;~~

- ~~Pay restitution of $ ——————— to injured party, to wit:~~

————————————————————————————————;

- ~~at the rate of~~ ————————————————————;

- ~~or in default of such payment;~~

- Be confined for *20* years in the Penitentiary of the State of Georgia or at such other places as the Department of Offender Rehabilitation may direct;

- ~~Probated upon compliance with sentence and with order of probation hereto attached and made a part hereof;~~

————————————————————————————————

————————————————————————————————

Sentence pronounced and signed, this *29* day of *April*, 19 *81*

*James F Moran ADA*
*Jim Morris, Asst. D.A.*

*John W W*
~~Judge, Cobb Superior Court~~

| | | |
|---|---|---|
| Paid | | Copies | *jail, pretri prob,* |
| Prepared by | *MLK* | C/C Copies | *Sonja, Adj. Ctr.* |
| Docketed | *55* | Recorded | *Crim. Min. BK. 29* |
| Ent. CJIS | *5C* | Microfilm | |

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

THE STATE OF GEORGIA :

VS. : INDICTMENT NO. 81-0095

LAWRENCE GENE COKER :

## O R D E R

IN ACCORDANCE WITH THE DECISION IN COKER V. THE STATE, COURT OF APPEALS OF GEORGIA CASE NUMBER 64326, IT IS HEREBY ORDERED THAT THE CRIME OF CHILD MOLESTATION IS MERGED INTO THE CRIME OF STATUTORY RAPE AND THE CONVICTION AND SENTENCE FOR CHILD MOLESTATION IS SET ASIDE AND DISMISSED.

SO ORDERED, THIS 17th DAY OF JANUARY, 1983.

JAMES L. BULLARD, CHIEF JUDGE
COBB SUPERIOR COURT
COBB JUDICIAL CIRCUIT

CLERK OF SUPERIOR COUR '83 JAN 26 PH 4 59 COBB COUNTY, GEORGIA FILED IN OFFICE

# EXHIBIT B

IN THE CIRCUIT COURT OF ST.CLAIR COUNTY,ALABAMA
CRIMINAL DIVISION

STATE OF ALABAMA,        (
Plaintiff's,             (
                         (          Case No: CC-2007-000285.00
                         (
Vs.                      (
                         (                      FILED
                         (          NORTHERN DIVISION-ASHVILLE
LARRY G. COKER,          (
Defendant.               (                   APR 28 2016
                         (
                                           ST. CLAIR COUNTY
                                        CLERK & REGISTER

DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE
PURSUANT TO AND IN ACCORDANCE WITH A.R.CR.P. RULE 32.1 (b) and 32.2 (b)
THE DEFENDANT SEEKS TO FILE A SUCCESSIVE PETITION BASED UPON AN ILLEGAL
SENTENCE THAT THE COURT HAD NO LAWFUL JURISDICTION TO IMPOSE

_____

        Comes Now the Defendant,Larry G. Coker,and Petitions and Moves
this Honorable Court for a review and correction of the sentences imposed by
this Court upon him that the Court was without the jurisdiction to of
imposed the sentence that was imposed upon him.
        In accordance with A.R.Cr.P. Rule(s) 32.1 (b),and 32.2 (b) the
defendant feels that due to the circumstances surrounding this case,and
extraordinary circumstances involving the defendant,and his health,that this
court should Grant Leave to entertain this as either a Successive Petition
for Post-Conviction Relief,or in the latter Correction of an Illegal and
thereby unconstitutional sentence.

                        HISTORY OF THE CASE

        The Defendant was arrested and subsequently charged with 3
seperate counts. Two of the counts were for violations of Alabama's Sex
Offender Registration Law,under § 13A-11-200,and is punishable under § 13A-
11-203 by a sentence per count not less than (1) one year or more than (5)
five years in State Prison.
        This Defendant was sentenced by this Court to a term of (25)
Twenty Five Years in Prison,for each count,and was denied any of the
statutory prerequisite proceedings pursuant to § 13A-5-10,and 13A-5-10.1
(a),and also pursuant to A.R.Cr.P. Rule 26.6 (b)(3)(i thru iii).
        The LAW further states that under 13A-5-6 (a)(3) the offenses

that this Defendant was convicted of are equivalent only to CLASS C Felonies,and thereby could not of qualified the Defendant for a 25 Year Sentence,even if,(and he wasn't)certified by the State for Habitual Sentencing. Had the Court been even presented with a valid Habitual Certification qualifying Coker for a Habitual Sentence,then the increase could of only been at Maximum a increase from the Class C to a CLASS B Felony,which would of carried NO LESS THAN 2 Years and NO MORE THAN 20 Years in State Prison,in accordance with 13A-5-6 and 13A-5-9(a)(1) for the failure to register Counts.

Therefore,when the Sentencing Court imposed the 25 Twenty-Five year sentence upon this Defendant it did so without any Lawful Authority to do so,thereby constituting these Judgments and Sentences to be outside this Courts jurisdiction to of rendered,and therefore ILLEGAL.

These Sentences are contrary to Alabama Law,they are unconstitutional,and a great argument can,and will be made that they are punitive and vindictive in nature and content.

Not only did this Court abuse it's dicretionary latitude in choosing an appropriate sentence for the Defendant,but it is now clearly obvious that Vindictiveness and Disregard for his constitutional rights,and Alabama State Law was irrelevant to the Sentencing Court.

The Alabama Rules of Criminal Procedure under Rules 26.6 (b)(3) were never properly adhered to by the District Attorney,and the Court was remiss for failing to have Certified Records before it, that satisfied the requirements of Rule 26.6·(b)(3)(i thru iv),which the record will support did not occur.

Not does this constitute an Abuse of Discretion,but it also must be reviewed as a case of Manifest Injustice,and a Grave Miscarriage of Justice at this time.

As to the secondary Count of Obscuring the Identity of a Vehicle,a violation of Alabama Code § 13A-8-22,which is cited as being a CLASS C Felony,which would normally carry only a sentence of again NO LESS THAN 2 Years,and NO MORE THAN 20 Years,in State Prison for a conviction of this nature in accordance with §§ 13A-5-6 and 13A-5-9,had a proper Habitual determination been accurately made,which in this case it was not.

What did take place in this matter was that in the District Attorney's obvious over Zealousness to see Coker sentenced well beyond even the Statutory Limits,and the Courts willingness to be herded along by the

State,Coker was again Sentenced for this Count of Obscuring the Identity of a Vehicle,to a sentence of 25 Years in State Prison.

Here again,the Court well exceeded it's Statutory Jurisdiction and Authority,and sent a man to prison for a 25 year term based upon a rather insignificant offense.

As the face of the record(s) will reflect,and the facts completely support,this Defendant was sentenced not only VINDICTIVELY and ILLEGALLY,but it appears to of been done in DIRECT CONTRAVENTION TO ALABAMA STATE LAW.

There can be little credible dispute or argument once the Court investigates and reviews the applicable STATE LAWS that govern this matter,and applies the correct Rules of Criminal Procedure concerning the Habitual designation,that it must find that Coker was sentenced to an Illegal and highly prejudicial and vindictive sentence.

The Court at this time must also re-review the fact that Coker's crimes were very non-violent in nature,that there is no victimization,no violence,no drug related loss or harm to anyone involved,and to impose such a stern and illegal sentence was totally inappropriate to the crimes committed and before the Court for sentencing on 10/14/2008.

Under the Alabama Rules of Criminal Procedure at Rule 26.8,it calls for "The sentence imposed in each case should call for the least restrictive sanction that is consistant with the protection of the public and gravity of the crime. In determining the sentence,the court should evaluate the crime and it's consequences,as well as the backround and record of the defendant and give serious consideration to the goal of sentencing equality and need to avoid unwarranted disparities. Judges should be sensitive to the impact their sentences have on all components of the criminal justice system and should consider alternatives to long-term institutional confinement or incarceration in cases involving offenders whom the court deems pose no SERIOUS DANGER TO SOCIETY".

It is quite obvious should anyone review Coker's offenses and apply any level of restraint or common sense logic to it,that Coker who is very disputably NOT A SEX OFFENDER,and at the time of his arrest DID NOT HAVE CONVICTIONS IN THE STATE OF GEORGIA,that warranted or required him to of been required to register in the State of Alabama under 13A-11-200,but no one appears to care or of taken into any recent consideration until now that

Coker was wrongly sentenced Illegally no matter whether he was or wasn't at
that time required to register as a Sex Offender,Coker still was never then
on 10/14/2008,and is not now eligible for a 25 Year Prison term.

Wherefore,if for no other grounds or cause Coker's 25 Year sentences
must be VACATED,and REVIEWED for Habitual qualification at this time as the
current sentence(s) do not comport with Alabama State Law under §§ 13A-5-6
and 13A-5-9(a)(1) for any of the Class C Felonies that Coker was convicted
of and sentenced for by the court in '2008.

## ARGUMENT IN SUPPORT OF RESENTENCING

The Defendant Larry G. Coker is now a 70 year old man,he has served
nearly 9 years in either County Jail or State prison for alleged crimes
where there has been no violence or physical,financial or even mental harm
done to anyone,but Coker. Coker has been a model inmate and is being housed
in the Protective Custody Unit of the Alabama Department of Corrections for
his safety and well-being since coming to prison.

Not only was Coker horribly abused and neglected while in the custody
of the Sheriff of St.Clair County,but since being sentenced Coker has been
diagnosed in '2010 with Prostate Cancer,but he was subjected to Medical
Malpractice by prison physicians and the contract medical care providers
post-operatively after having the initial prostate biopsy,and as a result
became infected which led into Septic Shock,Acute Renal Failure and a near
death hospitalization in '2010.

This was in addition to the prostate cancer,and the surgery to remove
it that took place after Coker recovered from the biopsies post-operative
life threatening infections that nearly killed him.

Coker sustained what most persons would of found to be fatal. The Court
at this time must reconsider that Coker is non-violent,he is aged,and has no
desire to remain in the State of Alabama once he is released from prison.

Coker requires at this time remedial Medical and Psychiatric care for
the Post Traumatic Stress Syndrome he has suffered from for many years,that
has now been significantly more stated due to the abuses Coker suffered
during his time in the St.Clair County Jail,and as a result of the near
death episode with the Septic Shock and Acute Renal Failure,compounded by

the Cancer as well.

At this time Coker also wishes to acknowledge that he may have Civil recourses against the State for illegally sentencing him and directly against the District Attorney's Office for Prosecutorial Misconduct,and Coker is willing to agree to forego any and all claims of that nature,if this matter can be resolved at this time by a correction and immediate resentencing of him to "TIME SERVED".

Coker would agree to reside outside the State of Alabama,and or abide by any and all other Lawful Orders of this Court,should it GRANT him an immediate release from custody,and correction of this illegal sentence and habitualization.

## PROTECTIVE ORDER REQUEST FOR DEFENDANT
AND
## WAIVER OF PHYSICAL APPEARANCE BY DEFENDANT FOR ANY HEARINGS ON THIS MATTER

The Defendant Larry G. Coker,herein and hereby in accordance with A.R.Cr.P. Rule 26.7 WAIVES his right to be physically present at any hearings or re-sentencing(s) concerning this matter,he does seek to be GRANTED TELEPHONIC PRESENCE at any and all proceedings henceforth,but for the reasons of his Physical,Medical and Mental well-being he states herein that he unequivocably is affraid to enter into,remain at,or be taken into the custody of the St.Clair County Jail and it's staff and administrator's for any reason,at anytime.

While Coker acknowledges that it is a mere allegation that he cannot fully support,he states to this Court that while in the Custody of the St.Clair County Jail and it's staff from the date of his original arrest,up to and inclusive of the day he was turned over to the Alabama Department of Corrections,that he (Coker) was Harassed,Medically and Psychologically Abused and Tortured at times,and Intimidated without cause by the Staff and Administrator's of the St.Clair County Jail. Therefeore,Coker advises this Court of his valid and real concern for his physical,mental and emtional well-being should he ever be placed into the custody of that Agency again.

Wherefore,at this time Coker seeks only Telephonic Appearance for any future proceedings.

## CONCLUSION AND RELIEF SOUGHT

The defendant Larry G. Coker,Pro se herein and hereby prays upon this
Honorable Court to GRANT this Motion and Successive Petition to Correct the
Illegal Sentences imposed upon him in violation of the Laws of the State of
Alabama and the Rules of Criminal procedure at this time.

For all the reasons stated herein and above Coker feels he is entitled
to this Courts immediate review and correction of the Illegal Sentences
imposed by it that exceed the Statutory Maximum's allowed by Law.

Coker also seeks a review of the original decision and evidence
utilized by the District Attorney in order to gain habitualization of Coker
at sentencing,as Coker can prove that no such designation should of been
determined at that time,nor presently will it be applicable to him now for
re-sentencing.

Coker also seeks the following relief of this Court,to wit;

1. That his Waiver of Personal Appearance be GRANTED.
2. That Coker be allowed to Appear Telephonically for all proceedings.
3. That a conflict Attorney be appointed to represent him.
4. That Coker's sentences to 25 years in the Alabama Department of
Corrections be VACATED,and that he be RE-SENTENCED in accordance with the
Alabama Code(s) under §§ 13A-5-6 (3) and that habitual status be denied
imposition of against Coker at this time.
5. Any and all other relief this Honorable Court may deem proper upon it's
Review of this Motion and Petition.
6. Emergency release from Custody after resentencing to a statutory term.

Respectfully Submitted,

Larry G. Coker

Larry G. Coker #264638
C/O Limestone Corr. Facility E-42-A
28779 Nick Davis Rd.
Harvest,Alabama 35749-7009
Pro se Petitioner/Movant/Defendant
4/24/2016

## Oath

I,Larry  G.  Coker,Pro  se  Defendant/Petitioner/Movant,do  herein  and hereby affirm and aver that the foregoing is true and correct,and has been read and signed by me on this 24th day of April,2016 under the penalty of Perjury pursuant to,and in accordance with Alabama Code §13A-10-100.

Respectfully Submitted,

*Larry G. Coker*

Larry G. Coker #264638
C/O Limestone Corr. Facility E-42-A
28779 Nick Davis Rd.
Harvest,Alabama 35749-7009
Defendant/Petitioner/Movant Pro se
4/24/2016

## CERTIFICATE OF SERVICE

I,Larry  G.  Coker,Pro  se  Defendant/Petitioner/Movant  do  hereby  certify that  (1)  one  true  copy  of  the  foregoing  has  been  placed  into  the  U.S.  Mail on  this  24th  day  of  April,2016  to  all  interested  parties  to  this  matter  at their  respective  addresses  listed  herein  below,to  wit;

## SERVICE LIST

1. Office of the Clerk of the Circuit Court St.Clair County
   100  6th Avenue
   Ashville,Alabama   35953

2. Office of the District Attorney of the 30th Circuit
   1815 Cogswell Avenue
   Pell City,Alabama   35125

Respectfully Submitted,

*Larry G. Coker*

Larry G. Coker #264638
C/O Limestone Corr. Facility  E-42-A
28779 Nick Davis Rd.
Harvest,Alabama   35749-7009
Defendant/Petitioner/Movant Pro se
4/24/2016



**AlaFile E-Notice**

75-CC-2007-000285.61

Judge: BILLY R. WEATHINGTON JR.

To:  COKER LARRY G (PRO SE)
AIS #264638 E DORM
28779 NICK DAVIS RD
HARVEST, AL 35749-0000

# NOTICE OF CASE SETTING

IN THE CIRCUIT CRIMINAL COURT OF ST. CLAIR COUNTY, ALABAMA

STATE OF ALABAMA V. COKER LARRY G
75-CC-2007-000285.61

The following matter was SET FOR HEARING

**D001 COKER LARRY G**

CORRECT AN ILLEGAL SENTENCE

[Filer: PRO SE]

Hearing Date:    06/01/2016
Hearing Time:    09:00:00 AM
Location:        Pell City

Notice Date:     5/11/2016 3:44:48 PM

*Motion to appt.*
*Counsel filed*
*5/18/16*

ANNETTE MANNING
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL 35125

205-338-2511



**AlaFile E-Notice**

75-CC-2007-000285.61

Judge: BILLY R. WEATHINGTON JR.

To:   COKER LARRY G (PRO SE)
AIS #264638 E DORM
28779 NICK DAVIS RD
HARVEST, AL 35749-0000

# NOTICE OF CASE SETTING

IN THE CIRCUIT CRIMINAL COURT OF ST. CLAIR COUNTY, ALABAMA

STATE OF ALABAMA V. COKER LARRY G
75-CC-2007-000285.61

The following matter was SET FOR HEARING

**D001 COKER LARRY G**

ADDENDUM AND MEMORANDUM OF LAW

[Filer: PRO SE]

Hearing Date:    06/01/2016
Hearing Time:    09:00:00 AM
Location:        pell city

Notice Date:     5/11/2016 3:45:09 PM

ANNETTE MANNING
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL 35125

205-338-2511

# EXHIBIT C

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
301 S. RIPLEY STREET
P.O. BOX 302405
MONTGOMERY, ALABAMA  36130 - 2405
CENTRAL OFFICE (334) 242 - 8700

10/24/2012

LARRY G COKER
264638
LIMESTONE CORRECTIONAL CE
28779 NICK DAVIS RD
HARVEST  AL  35749

YOUR CASE HAS BEEN REVIEWED AND TENTATIVELY SET FOR THE MONTH OF
02/2015
THIS ACTION WAS TAKEN FOR THE FOLLOWING REASON:

SPECIAL REVIEW

THIS SET DATE DOES NOT MEAN YOU WILL HAVE A PAROLE HEARING DURING
THAT MONTH.  YOU WILL RECEIVE WRITTEN NOTIFICATION ONCE YOUR HEARING
DATE HAS BEEN SCHEDULED.

AJC/

CC:  WARDEN       -LIMESTONE CORRECTIONAL CE
     FILE

*Exhibit*
*(A)*

**BEVERLY OWEN BARBER**
*ATTORNEY AT LAW*
105 FLORIDA ROAD
PELL CITY, AL. 35125
October 4, 20

Telephone: (205) 338-0729                                facsimile (205) 338-1030

This the Letter she waited until
The 14ear Deadline was up to go to Federal District Court
Dear Mr. Coker:   Also Did not go to ALA Court Criminal Appeals
Like I Told Her Too Neither.

I am writing to give you an update on everything that I know, about your case at this time. First, if you recall, we talked about the rule 32 and the fact that I got the Bartow County Georgia cases dismissed. Judge Hill denied the last rule 32 motion, even though the Bartow County cases were no longer valid.. Prior to this rule 32 motion, the other appeal was sent up to the Court of Criminal Appeals that they denied. I will have to double check the date that they ruled on it. If you recall I suggested that we try to get a medical furlough. NOW, I believe that we have a chance with the medical furlough; plus, they are building a new great big VA hospital that is almost finished. Prior to this time, the lady at the prison, I believe her name was Rosie, stated that you could not receive the medical furlough due to serving on sex crime charge. Now, I have found an opinion by the state attorney general stating that a failure to register is not a preclusion. I am trying to find the website, again stating the attorney general opinion. Your son also offered to help me locate the attorney general opinion again, regarding the fact that failure to register is not a sex crime within itself.

I don't know if you remember or not but we talked about spending money to appeal a second time. I stated, if you recall, " you can win a battle and lose the war." We talked about what if we spent the money for an appeal, we would still have to go back to Judge Hill's court and there were still enough prior old charges that you would be given the same number of years to serve. The Bartow County cases are over but there are those other charges in another county in Georgia; plus, one old charge in Alabama from years ago. So, we talked about that if we would spent the money, we would still have the same result with another trial before Judge Hill. Thre prior felonies is all it takes to get the exact same sentence that you now have. That is why we started with the plan for a medical furlough. Again, we had a stumbling block with Rosie saying that you could not be released due serving on a sex offense, currently. The attorney general opinion states that failure to register is not a sex offense. That is our argument that the charge you now have is not a sex offense to keep you from getting a medical furlough.

Your last letter referenced that you thought you were tried by Judge Hill on a charge of inticing a child. The trial was on failure to register as a sex offender and violation of the community notification act. The old charge from Georgia (inticing a chile) was used only by the Court in calculating how much time they could give you to serve. Three felonies allows them to go to the maximum sentence. That is what they did.

↓ Inneffective Assistance of Counsel my Lawyer can't predict
    THAT if we won on the Rule 32 Before ALA Court Criminal Appeals

After the dismissal of the Bartow County Cases, the arrest record still shows 3 prior felonies, left from years ago. Two in other counties of Georgia and one in Alabama.

Your letter also mentioned your complaint against Carol Boone. She was not the lady assistant DA at your trial. Gwen Connley was the prosecutor.

Write and let me know if you need anything or monies on your books. Sometimes I try to send extra money due to the fact that I fear that I cannot get to the bank on time to send your check; therefore, I like to send extra to have you covered. Let's hope the hospital is finished soon and you can be relocated. I guess you had rather go to Georgia than to be in a VA hospital in Alabama.

Sincerely,

Beverly Owen Barber

P.S. After finishing the letter, I just received a call about an inmate you received parole. He had served for less than 1/3 of his sentence & WAS paroled. Maybe we can get you a parole hearing also for early release, that would be better than going to a hospital

```
                              ALABAMA DEPARTMENT OF CORRECTIONS              INST:   024
COR716-3                      INMATE SUMMARY AS OF 07/25/2011                CODE: CSMDI
```

************************************************************************

AIS: 00264638S   INMATE: COKER, LARRY G                    RACE: W  SEX: M

INST: 024 - LIMESTONE CORRECTIONAL CENTER   DORM:  XX  JAIL CR: 001Y 05M 14D

DOB: 09/06/1945  SSN: 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

.OM DT: 10/14/2008 DEAD TIME: 000Y 00M 00D

.OM TYP: NEW COMIT FROM CRT W/O REV OF      STAT: NEW COMIT FROM CRT W/O REV OF

URRENT CUST: MED-9   CURRENT CUST DT: 12/16/2010  PAROLE REVIEW DATE: FEB 2017

ECURITY LEVEL: (4) FOUR

ERVING UNDER ACT446 LAW IN CLASS IV         CURRENT CLASS DATE:   10/14/2008
NMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

```
OUNTY      SENT DT  CASE NO  CRIME                              JL-CR     TERM
T.CLAIR    10/14/08 N07000285 VIOLATION OF SEX OFF REGIS  05290 025Y 00M 00D CS
                               CT 1
           COURT COSTS  : $0000000   FINES : $0000000   RESTITUTION : $0001482
T.CLAIR    10/14/08 N07000285 VIOLATION OF SEX OFF REGIS  05290 025Y 00M 00D CC
                               CT 2
T.CLAIR    10/14/08 N07000285 OBSCURING IDENTITY OF VEHI  05290 025Y 00M 00D CC
                               CT 3

TOTAL TERM       MIN REL DT      GOOD TIME BAL     GOOD TIME REV     LONG DATE
25Y 00M 00D      04/29/2032      000Y 00M 00D      000Y 00M 00D      04/29/2032
```

NMATE LITERAL:
************************************************************************

TAINER WARRANTS SUMMARY
   INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
************************************************************************

CAPEE-PAROLE SUMMARY

   INMATE CURRENTLY HAS NO PAROLE RECORDS

   INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

   INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
   SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978
************************************************************************

SCIPLINARY/CITATION SUMMARY

   INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

Moving                    15-20-23

# EXHIBIT D

205 - 338 - 0729

**BEVERLY OWEN BARBER**
*ATTORNEY AT LAW*
105 FLORIDA ROAD
PELL CITY, AL. 35125
February 11, 2015

Telephone: (205) 338-0729

Dear Mr. Coker:

I received your letter and contacted the Board of Pardons
and Parole. I gave your name and AIS number. The lady told
me that you did have an upcoming hearing but it would be in
March. An exact date had not been set. She said it would
be conducted at Ripley Street in Montgomery. I am unsure of
what to charge to travel to Montgomery for the hearing.
Driving time is a total of 4 hours (2 hrs. each way.) I
would expect to charge about $650.00. I do not know how
long waiting time would be. I do know there are a number on
the list and are taken in order. If you learn of a date
before I get the information, please let me know so that I
can schedule the trip.

Beverly Barber

**BEVERLY OWEN BARBER**
*ATTORNEY AT LAW*
105 FLORIDA ROAD
PELL CITY, AL. 35125

Telephone:  (205) 338-0729                                                     facsimile (205) 338-6989

March 5, 2015

Mr Coker:

The first thing I need to let you know is that the parole hearing is not set, as of today but still due to be set.  They state that they will be notifying you of the date.  I sent your certificates to them.  The board has your certificates with written confirmation of receipt.

Next, you sent an extensive list of things that you require that will be in storage at the courthouse.  I am referring to the typed list you sent to me this week.  Many things, such as the forensic reports etc. do not exist.  There were no forensics and nothing in the case to perform this type testing on.  Your charge was failure to register; thus no forensics.  This is just one example of what never existed.  What does exist is the materials in storage at the courthouse.  I cannot set aside the time to retrieve so much; plus, wait turns at the one copying machine when there are so many clerks in that office.  I have asked Carlton about doing this job for you but he will have to acquire a driver to transport him and be prepared to stay  a full day to complete the tasks.  He is willing to do it for pay.  The things you are requesting will not be reviewed by a parole board.  It would be too time consuming.  They are looking at your conduct and the point you are at in your life at this point.  They do not devote the time to attempt to review detailed elements of the past offense.

I informed Carlton that I felt that you would be released from prison.  As a last resort, the VA will take you, if all else failed.  You can enter a hospital, obtain a regiment of medications; then have a doctor certify that you are ready to be on your own.  I know that you want a straight parole, not a transfer to a VA facility.  Tell me what to do for you.  I need instructions from you, as to how to deal with this if you may be denied, other than released for entry to the VA.

Back to the exhaustive list of things that you need from the files.  Did you pay someone to prepare and  type this for you?  I felt that you knew some of the stuff was inapplicable to your case.  Just curious if you were charged by someone to do this.  I think that upon release, you and Carlton can come and spend the day and get all of these things for your records.  They do not release a file but will copy, page by page.  They copy only as free time permits.  You have to wait between their projects.  This is why it takes some time.  The later years of filings are electronic files.

Let me know your thoughts in this matter.

Sincerely,

Beverly Owen Barber
105 Florida Road
Pell City, AL 35125
(205) 338-0729

3/9/2015

Ms. Beverly C. Harper Esq.
Attorney at Law
100 Alabama Ave.
Pell City, Alabama  35125

In Re: State v. Coker et.al.
Case No. Request for files

Dear Beverly:

Hello, and I hope you are doing well and this letter reaches you quickly. After our most recent conversation, I was a bit concerned about the f issues. Therefore, I decided to write to you through my Paralegal and explain t dire need to receive all of the documents that I requested in my initial lette to you dated 3/2/2015.

While I appreciate all your hard efforts on my behalf over the past f years, I feel now is the appropriate time to also pursue Federal Avenues.

For this reason I ask you to provide to me Copies of ALL the document I requested in my letter. I am under the Impression from the Alabama State Bar Rule 1.5 that you are required to,of hold all my case files for a period of si (6) years. Thereby I hope that you will be able to provide all the items that were requested to me as soon as possible.

It is my intent to proceed with a 42254 Habeas Corpus Petition to the U.S. District Court and the Federal Bureau of Investigation concerning the Constitutional Deprivations and abuses I have sustained in St.Clair County.

I sincerely hope you will continue all efforts on my behalf with respe to Parole and other issues we have explored, and that if any of the requested items were not tendered to you that I seek, please notify me as soon as you ca so I may advise the District Court of the District Attorney's Brady Violations

I appreciate and anticipate your exigent and full cooperation.
I also feel that no Costs should be incurred by me if the file is not still intact or was destroyed by you for any reason, I hope you will concur.

Respectfully Requesting;

Larry D. Coker

Larry D. Coker # 264635
W/J Limestone Corr. Facility PO-Unit
28779 Nick Davis Rd.
Harvest,Alabama  35749-7009
Client/Friend

cc: File.

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
301 S. RIPLEY STREET
P.O. BOX 302405
MONTGOMERY, ALABAMA  36130 - 2405
CENTRAL OFFICE (334) 242 - 9700

04-03-2015

LARRY G COKER
264638
LIMESTONE CORRECTIONAL CE
28779 NICK DAVIS RD
HARVEST  AL  35749

DEAR MR COKER

THE BOARD OF PARDONS AND PAROLES WILL CONSIDER YOU FOR PAROLE IN
AN OPEN PUBLIC MEETING AT 301 S. RIPLEY ST, MONTGOMERY, ALABAMA
ON 05-06-2015.SIGN-IN SHEETS ARE AVAILABLE WHEN THE
DOOR OPENS AT 7:30 A.M. AGENCY OPERATIONAL BUSINESS WILL BEGIN AT
8:00 A.M. AND HEARINGS WILL BEGIN AS SOON AS POSSIBLE THEREAFTER.
IN MOST CASES, BOARD DECISIONS WILL BE RELEASED UPON COMPLETION
OF THE HEARING TO THOSE PRESENT, AND WILL BE AVAILABLE BY
TELEPHONE THE FOLLOWING FRIDAY AFTERNOON.

WEAPONS ARE NOT ALLOWED ON THE PREMISES AND CELL PHONES MUST
BE TURNED OFF (OR ON VIBRATE) DURING THE HEARINGS.

AMERICAN DISABILITIES ACT ASSISTANCE (334)353-8067

Mr.Phil Bryant,Executive Director                                          5/17/2015
Office of the Executive Director Pardons and Paroles
P.O.Box 302405
Montgomery,Alabama  36130-2405

                                                    In Re: Coker,Larry G.
                                                    AIS# 264638
                                                    Parole Information

                            Dear Director Bryant,

        Sir,I am inquiring to please be informed in writting as to
whether or not anyone appeared at my most recent parole hearing that
took place on 5/6/2015.

        I was informed that an Attorney was present on my behalf and I
would please like it confirmed,if she did appear or not.

        It is my earnest intention to seek a reconsideration from the
Parole Board,as I feel that my rather unique situation may not of been
properly and accurately addressed at the hearing that took place on
5/6/2015.

        The Attorney whom I have had represent me for the past number of
years is Ms.Beverly Barber,and it is her appearance that I wish to
confirm on 5/6/2015,please.

        Any and all information pertaining to the reasons specifically
as to why I was deemed uncompatible to remain in society witnout re-
offending l please would like to be provided at this time,and I would
also like to know if anyone contested my release,and if so who or
whom.

                                            Respectfully Requested,

                                            Larry & Cake

cc: file
                                            Larry G. Coker #264638
                                            C/O Limestone Corr. Facility
                                            28779 Nick Davis Rd.
                                            Harvest,Alabama  35749-7009
                                            Requestor

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
301 S. RIPLEY STREET
P.O. BOX 302405
MONTGOMERY, ALABAMA  36130 - 2405
CENTRAL OFFICE (334) 242 - 8700
05-06-2015

LARRY G COKER
264638
LIMESTONE CORRECTIONAL CE
28779 NICK DAVIS RD
HARVEST   AL   35749

YOUR CASE WAS REVIEWED BY THE BOARD OF PARDONS AND PAROLES AT
AN OPEN PUBLIC MEETING AND YOU WERE DENIED PAROLE. AT THIS
TIME, THE BOARD IS NOT OF THE OPINION THAT, IF PAROLED, THERE
IS A REASONABLE PROBABILITY YOU WOULD LIVE AND REMAIN AT
LIBERTY WITHOUT VIOLATING THE LAW AND/OR THAT YOUR RELEASE
WOULD BE COMPATIBLE WITH THE WELFARE OF SOCIETY.

YOUR CASE HAS BEEN RESET FOR FURTHER CONSIDERATION DURING
THE MONTH OF 05/2020.

THE BOARD HOPES THAT YOU WILL FULLY COOPERATE WITH PRISON
AUTHORITIES IN ORDER THAT YOU MAY RECEIVE THE BEST BENEFITS
THAT CAN BE ACCORDED.

YOURS VERY TRULY,

PHIL BRYANT
EXECUTIVE DIRECTOR

CSD/NAW

CC:   WARDEN
      CLASSIFICATION

Mr. Phil Bryant, Asst. Exec. Director                          5-24-2015
C/O Alabama Board of Pardons and Parole
P.O. Box 302405
Montgomery, Alabama 36130-2405

                         In Re: I/M Larry G. Coker AIS #264638
                         Request for Reconsideration

                    REQUEST FOR RECONSIDERATION

        Dear Mr. Bryant,

        Please find the enclosed copies of documents from the Circuit
Court of Cobb County, Georgia concerning my case that took place there
in 1980-1981. Please note that the charges were either vacated or
overturned by a Court of Competent Jurisdiction as these attached exhibits
depict.

        I believe that the Board was under the misimpression at my
most recent hearing and review that I still was convicted of these
horrible offenses, however this is not the case and has not been since
the Order from the Georgia Court of Appeals in '1981. (See attached Order).

        I also wish to call to your attention that as a result of
these former convictions being overturned, that I legally and technically
did not violate Alabama's Statute/Code §13A-11-200 by failing to
Register as a Sex-offender.

        I am currently challenging the Circuit Court outcome of the
St. Clair County charges, in a Federal Habeas Corpus Petition that
has been duly filed in the Northern District of Alabama, U.S. District
Court, and is currently pending Judicial Review at this time.

        As stated above, I feel that the true facts were not raised
or made aware to the Board Members at the Parole Hearing, and therfore
since I only recently received the evidence to substantiate this as
fact, I herein and hereby respectfully request a re-hearing with this
New Evidence and facters presented to the Board.

                              Respectfully Requested,

                              Larry G. Coker #264638

cc: Hon. Richard Shelby, U.S. Senator, ALA.,
    file.

EXHIBIT E

# *Certificate of Completion*

*Presented to*

*Larry Coker*

Presented on this 6th Day of August, 2010 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# Book of Revelation Part II

"Write the things which you have seen, and
the things which are, and the things which
will take place after this." Rev. 1:19
"Behold, I am coming quickly, and My reward
is with Me, to give to everyone according to
his work." Rev. 22:12

Instructor: *John Skipner*

Date: August 6, 2010

Case 3:16-cv-02583 Document 1 Filed 07/25/16 Page 60 of 78

# *Certificate of Completion*

*Presented to*

## *Larry Coker*

Presented on this 17th Day of December, 2010 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# Gospel of Matthew Part I

Purpose: To show that Jesus of Nazareth was
The Kingly Messiah of Jewish prophecy

Instructor: *John Hafner*

Date: December 17, 2010



# Certificate of Completion

*Presented to*

*Larry Coker*

Presented on this 15th Day of April, 2011 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# Gospel of Matthew Part II

Purpose: To show that Jesus of Nazareth was
The Kingly Messiah of Jewish prophecy

Instructor: *John Hefner*

Date: April 15, 2011

# Certificate of Completion

*Presented to*

## Larry Coker

Presented on this 5th day of August, 2011 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# Breaking the Enemy's Grip

"Therefore, there is now no condemnation
for those who are in Christ Jesus..." Ro 8:1
"If you hold to My teachings, you are really
My disciples. Then you will know the truth
and the truth will set you free." John 8:31,32

Instructor: *John Hafner*

Date: August 5, 2011



# *Certificate of Completion*

*Presented to*

*Larry Coker*

Presented on this 16th day of December, 2011 for Recognition of

Participation and Completion of the Prison Fellowship Bible Study

## Building the Wall

The Story of Nehemiah

Instructor: *John Hafner*

Date: December 16, 2011

# Certificate of Completion

*Presented to*

## Larry Coker

Presented on this 13th day of April, 2012 for Recognition of

Participation and Completion of the Prison Fellowship Bible Study

# Real Men Behind the Masks

"As a man thinks in his heart, so is he"
Proverbs 23:7
"When I was a child, I spoke as a child
...but when I became a man, I put away
Childish things." 1 Cor 13:11

Instructor: *John Hafner*

Date: April 13, 2012

*Certificate of Completion*

*Presented to*

*Larry Coker*

Presented on this 10th day of August, 2012 for Recognition of

Participation and Completion of the Prison Fellowship Bible Study

# God's Design for A Man

"Let Us make man in Our image, according
To Our likeness." Gen 1:28
"For as many as are led by the Spirit of
God, these are the sons of God." Ro 8:14
"and if a son, then an heir of God
Through Christ." Gal 4:7

Instructor: John Hafner

Date: August 10, 2012

# *Certificate of Completion*

*Presented to*

## *Larry Coker*

Presented on this 22nd day of December, 2012 for Recognition of

Participation and Completion of the Prison Fellowship Bible Study

# Why We Need Revival

"Now, therefore" says the Lord, "Turn to Me
With all your heart, with fasting, weeping, and
Mourning." So rend your heart, and not your clothes."
Return to the Lord your God, For He is gracious and
Merciful , slow to anger, and of great kindness;
And He relents from doing harm." Joel 2:12

Instructor: John Hafner

Date: December 22, 2012

# *Certificate of Completion*

*Presented to*

## _Larry Coker_

Presented on this 19th Day of April, 2013 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# End Times - Daniel & Revelation

"Write the things which you have seen, and
the things which are, and the things which
will take place after this." Rev. 1:19
"Seventy weeks are determined for your people
To finish the transgression, to make an end of
Sins, to make reconciliation for iniquity." Dan 9:24-25

Instructor: _John Hafner_

Date: April 19, 2013

# *Certificate of Completion*

*Presented to*

## *Larry Coker*

Presented on this 9th Day of August, 2013 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# O.T. Types & Shadows to N.T Fulfillment

"All Scripture is given by inspiration of God,
And is profitable for doctrine, for reproof, for
correction, for instruction in righteousness,
that the man of God may be complete,
Thoroughly equipped for every good work."
2 Timothy 3:16-17

Instructor: *John Hafner*

Date: August 9, 2013

# Certificate of Completion

*Presented to*

## Larry Coker

Presented on this 13th Day of December, 2013 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# The Parables of Christ

About one-third of Jesus' teachings were in
the form of parables, brief stories of everyday
life told by way of analogy to illustrate spiritual
truths. About one half of the Parables were
references to the Kingdom of God.

Instructor: *John Hafner*

Date: December 13, 2013

# Certificate of Completion

*Presented to*

## Larry Coker

Presented on this 11th Day of April, 2014 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# The Book of Joshua – A New Beginning

Moses My servant is dead. Now therefore arise (Joshua 1:2)

Be strong and of good courage (Joshua 1:6)

Sanctify yourselves for tomorrow the Lord will do wonders among you. (Joshua 3:5)

You have not passed this way before (Joshua 3:4)

Instructor: *John Hafner*

Date: April 11, 2014

# Certificate of Completion

*Presented to*

## Larry Coker

Presented on this 8th Day of August, 2014 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# The Person of the Holy Spirit

The Holy Spirit seals us unto the day of redemption.
Eph 1:13; 4:30
If we walk in the Spirit, we will not fulfill the lusts of
the flesh. Gal 5:16
The gifts of the Spirit 1Cor 12
The fruit of the Spirit Gal 5:22, 23

Instructor: *John Lefner*

Date: August 8, 2014

# Certificate of Completion

*Presented to*

*Larry Coker*

Presented on this 5th Day of December, 2014 for Recognition of Participation

And Completion of the Prison Fellowship Bible Study

# The Person of the Holy Spirit Part II

The Holy Spirit seals us unto the day of redemption.
Eph 1:13; 4:30
If we walk in the Spirit, we will not fulfill the lusts of
the flesh. Gal 5:16
The gifts of the Spirit 1Cor 12
The fruit of the Spirit Gal 5:22, 23

Instructor: *John Hafner*

Date: December 5, 2014

# EXHIBIT F

**BEVERLY OWEN BARBER**
*ATTORNEY AT LAW*
105 FLORIDA ROAD
PELL CITY, AL. 35125
October 26, 2015

Telephone:  (205) 338-0729

### Dear Honorable Members of the Parole Board:

Inmate Larry G. Coker, AIS number 00264638S requests that this honorable board review the revised information for prior convictions and set a new review date for possible parole.

On July 20, 2010, subsequent to the current incarceration at Limestone Correctional Facility, the Circuit of Bartow County, Georgia dismissed charges of (1. kidnapping, (2.aggravated assault with a deadly weapon, (3 simple battery; and (4.criminal damage to property 2nd . These charges had been placed on a "dead docket" and overlooked for dismissal or proper entries noted in the court record.

Copies of records recently requested by Coker from **Cobb County Georgia** are attached.

Sincerely,

Beverly Owen Barber



CLIFF WALKER
Chairman of the Board

ROBERT P. LONGSHORE
Associate Member

BILL WYNNE
Associate Member

*STATE OF ALABAMA*
*BOARD OF PARDONS AND PAROLES*
Justice Center
301 South Ripley, Building D
P. O. Box 302405
Montgomery, Alabama 36130-2405
(334) 242-8700  FAX: (334) 353-1157
www.paroles.state.al.us

Apr 14, 2016



PHIL BRYANT
Acting Executive Director

EDDIE COOK, JR.
Assistant Executive Director

DARRELL MORGAN
Assistant Executive Director

LARRY G COKER

264638

LIMESTONE CORRECTIONAL

28779 NICK DAVIS RD

HARVEST AL 35749

YOU WERE DENIED PAROLE ON 4/12/2016    WITH A RESET OF 04/2021

THE ATTACHED BOARD ACTION SHEET DOCUMENTS EACH BOARD MEMBER'S REASONS FOR FAVORING
DENIAL OF PAROLE.

IF NON-PARTICIPATION IN RISK-REDUCTION OR REHABILITATIVE PROGRAMMING WAS INDICATED, YOU
SHOULD MAKE EVERY EFFORT TO WORK WITH YOUR CLASSIFICATION SPECIALIST TO ENROLL OR GET ON A
WAITING LIST FOR RECOMMENDED PROGRAMMING. YOU SHOULD MAKE EVERY EFFORT TO COMPLY WITH
ALL INSTRUCTIONS WHILE IN THESE PROGRAMS.

IF INSTITUTIONAL MISCONDUCT WAS INDICATED, YOU SHOULD MAKE EVERY EFFORT TO COMPLY WITH ALL
RULES OF THE ALABAMA DEPARTMENT OF CORRECTIONS.

IF YOU HAVE NOT DEVELOPED A REENTRY PLAN, PLEASE MAKE EVERY EFFORT TO FINALIZE A HOME AND
JOB PLAN. IF YOUR HOME PLAN INVOLVES APPLICATION TO A HALF-WAY HOUSE OR RESIDENTIAL PROGRAM,
BEGIN THAT PROCESS AS SOON AS POSSBILE SO THAT IT WILL BE COMPLETE BEFORE YOUR NEXT PAROLE
HEARING.

THESE RECOMMENDATIONS ARE OFFERED TO ASSIST YOU IN PRESENTING YOURSELF AS THE BEST POSSIBLE
PAROLE CANDIDATE. COMPLYING WITH OR COMPLETING BOARD RECOMMENDATIONS PROVIDES NO
GUARANTEE OF PAROLE. REASONS PROVIDED BY THE BOARD FOR DENYING PAROLE CREATE NO RIGHT OR
EXPECTIATION FOR PAROLE. THE PAROLE DECISION IS COMPLETELY DISCRETIONARY IN THE STATE OF
ALABAMA.

Yours Very Truly,

PHIL BRYANT
EXECUTIVE DIRECTOR

CSD/KJM

NAME **COKER LARRY G** _LARRY D W_          AIS # **264638**          PAGE 2 OF 2

PAROLE IS THIS DAY DENIED ___4-12-16___ BY:

MY REASONS FOR FAVORING DENIAL OF PAROLE OF THE PRISONER ARE AS FOLLOWS:

1___ REFUSED PARTICIPATION IN REHABILITATIVE PROGRAMS OFFERED WHILE INCARCERATED
2___ FAILURE TO COMPLETE ATEF OR OTHER REHABILITATIVE PROGRAMS WHILE IN ADOC
3___ NEGATIVE INSTITUTIONAL CONDUCT RECORD
4___ ORAS LEVEL IS HIGH RISK OF REOFFENDING
5___ SEVERITY OF PRESENT OFFENSE IS HIGH
6___ NEGATIVE REPORT FROM WORK RELEASE OR OTHER COMMUNITY-BASED ADOC PROGRAM
7___ NEGATIVE INPUT FROM STAKEHOLDERS (VICTIM, FAMILY OF VICTIM, LAW ENFORCEMENT)
8___ NO EFFORT MADE TOWARDS REENTRY PLAN
9___ MULTIPLE PRIOR PAROLE OR OTHER COMMUNITY-BASED SUPERVISION REVOCATIONS
10___ NONCOMPLIANCE WITH IPO DURING INTERVIEW OR ASSESSMENT
11___ UNWELCOME CONTACT WITH VICTIM OR THREATS TO VICTIM WHILE INCARCERATED
12___ COMMISSION OF NEW OFFENSE WHILE INCARCERATED WHETHER PENDING PROSECUTION
13___ RELEASE WILL DEPRECIATE SERIOUSNESS OF OFFENSE OR PROMOTE DISRESPECT FOR THE LAW

COMMENTS _____

MEMBER _____

RESET _____

MY REASONS FOR FAVORING DENIAL OF PAROLE OF THE PRISONER ARE AS FOLLOWS:

1___ REFUSED PARTICIPATION IN REHABILITATIVE PROGRAMS OFFERED WHILE INCARCERATED
2___ FAILURE TO COMPLETE ATEF OR OTHER REHABILITATIVE PROGRAMS WHILE IN ADOC
3___ NEGATIVE INSTITUTIONAL CONDUCT RECORD
4___ ORAS LEVEL IS HIGH RISK OF REOFFENDING
5_X_ SEVERITY OF PRESENT OFFENSE IS HIGH
6___ NEGATIVE REPORT FROM WORK RELEASE OR OTHER COMMUNITY-BASED ADOC PROGRAM
7___ NEGATIVE INPUT FROM STAKEHOLDERS (VICTIM, FAMILY OF VICTIM, LAW ENFORCEMENT)
8___ NO EFFORT MADE TOWARDS REENTRY PLAN
9___ MULTIPLE PRIOR PAROLE OR OTHER COMMUNITY-BASED SUPERVISION REVOCATIONS
10___ NONCOMPLIANCE WITH IPO DURING INTERVIEW OR ASSESSMENT
11___ UNWELCOME CONTACT WITH VICTIM OR THREATS TO VICTIM WHILE INCARCERATED
12___ COMMISSION OF NEW OFFENSE WHILE INCARCERATED WHETHER PENDING PROSECUTION
13_X_ RELEASE WILL DEPRECIATE SERIOUSNESS OF OFFENSE OR PROMOTE DISRESPECT FOR THE LAW

COMMENTS _____

MEMBER _____

RESET 4-2021

MY REASONS FOR FAVORING DENIAL OF PAROLE OF THE PRISONER ARE AS FOLLOWS:

1___ REFUSED PARTICIPATION IN REHABILITATIVE PROGRAMS OFFERED WHILE INCARCERATED
2___ FAILURE TO COMPLETE ATEF OR OTHER REHABILITATIVE PROGRAMS WHILE IN ADOC
3___ NEGATIVE INSTITUTIONAL CONDUCT RECORD
4___ ORAS LEVEL IS HIGH RISK OF REOFFENDING
5_X_ SEVERITY OF PRESENT OFFENSE IS HIGH
6___ NEGATIVE REPORT FROM WORK RELEASE OR OTHER COMMUNITY-BASED ADOC PROGRAM
7___ NEGATIVE INPUT FROM STAKEHOLDERS (VICTIM, FAMILY OF VICTIM, LAW ENFORCEMENT)
8___ NO EFFORT MADE TOWARDS REENTRY PLAN
9___ MULTIPLE PRIOR PAROLE OR OTHER COMMUNITY-BASED SUPERVISION REVOCATIONS
10___ NONCOMPLIANCE WITH IPO DURING INTERVIEW OR ASSESSMENT
11___ UNWELCOME CONTACT WITH VICTIM OR THREATS TO VICTIM WHILE INCARCERATED
12___ COMMISSION OF NEW OFFENSE WHILE INCARCERATED WHETHER PENDING PROSECUTION
13___ RELEASE WILL DEPRECIATE SERIOUSNESS OF OFFENSE OR PROMOTE DISRESPECT FOR THE LAW

COMMENTS _____

MEMBER _____

## CONDITIONS OF PAROLE

1. I shall report immediately by a personal visit to the office under whose supervision I am paroled.

2. I shall not change my residence nor employment nor leave the state without first getting consent of my parole officer.

3. I shall between the first and third days of each month, or as directed by my parole officer, until my final release from parole, make a full and truthful report to my parole officer in writing.

4. I shall pay all court ordered monies. Payment in full will be certified by the circuit clerk.

5. I shall promptly and truthfully answer all inquiries directed to me by the State Board of Pardons and Paroles and my parole officer, and allow that officer to visit me at my home, employment site or elsewhere and carry out all instructions my parole officer gives including assignments to any level of supervision. I will make myself available for searches and tests when ordered by my parole officer, including but not limited to, urinalysis, breathalyzer and blood samples, and/or search of my residence, vehicle or any property under my control. I shall not use drugs nor controlled substances illegally.

6. I agree to waive all extradition rights and process and agree to return when the State Board of Pardons and Paroles directs at any time before my release from parole.

7. I shall not violate any law.

8. I agree to pay the State Board of Pardons and Paroles the supervision fees required by law.

9. I shall not own, possess or have under my control a firearm or ammunition of any kind, nor any other deadly weapon or dangerous instrument as defined by Alabama law.

10. I understand that parole is a privilege and not a right. The Board may modify these conditions as necessary and may revoke my parole at any time my continued release is detrimental to my health and safety or to the welfare of society.

11. I will attend programs deemed appropriate by my parole officer.

12. ( ) If checked – No alcohol

13. ( ) If checked – I will attend NA/AA or other substance abuse aftercare programs a minimum of _____ time(s) a week.

14. ( ) If checked – Mandatory Drug Screens

15. ( ) If checked – 30 days to secure employment

16. ( ) If checked – Mental Health assessment

17. ( ) If checked – Intensive Supervision

18. ( ) If checked – I will abide by the legal requirements of the residential facility

19. Special Conditions:
_____

I hereby certify that this statement of conditions of parole has been read and explained to the parolee.

This _____ day of _____, 20____

_____    _____
Parole Officer Signature             Signature and AIS # of Parolee

_____    _____
Printed Name of Officer              Printed Name of Parolee

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
PO BOX 302405
MONTGOMERY, ALABAMA  36130-2405

Address Service Requested

FIRST CLASS



ZIP 36104   $
02 1W
0001365669 AF

Larry Coker
264638
Limestone Correctional
28779 Nick Davis Rd
Harvest

3574587009 R0161 04/13